# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RICKY R. RUBY                                             PLAINTIFF

V.                        4:10CV00136 SWW/JTR

BOBBY BROWN, Major,
Faulkner County Detention Center; and
JOHN RANDALL, Captain,
Faulkner County Detention Center                 DEFENDANTS

## ORDER

### I. Background

On February 25, 2010, Plaintiff, Ricky R. Ruby, filed his *pro se* Complaint initiating this § 1983 action.[1] (Docket entry #2). On August 18, 2010, Defendants moved to compel Plaintiff to answer written discovery they had propounded on May 13, 2010. (Docket entry #15).

On September 2, 2010, the Court entered an Order granting Defendants' Motion to Compel. (Docket entry #17). Among other things, the Court required Plaintiff to file his Answers to Defendants' May 13, 2010 discovery requests on or before

---

[1] Although Plaintiff asserts various conditions of confinement claims related to his detention in the Faulkner County Detention Center, he was no longer in custody when he filed his Complaint.

September 23, 2010. *Id.*

On September 28, 2010, Defendants filed a Motion to Dismiss due to Plaintiff's failure to comply with the Court's September 2, 2010 Order. (Docket entry #19). Plaintiff has not filed a Response, and the time for doing so has expired.

## II. Discussion

Defendants request dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which permits dismissal with prejudice "[i]f the plaintiff fails to prosecute of to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an 'extreme sanction' that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824 (8th Cir. 2005) (*quoting Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir.2000)).

Since filing his Complaint, Plaintiff has taken no action to prosecute the case. He did not respond to Defendant' Motion to Compel (docket entry #15), did not comply with the Court's September 2, 2010 Order granting Defendants' Motion (docket entry #17), did not respond to Defendants' Motion to Dismiss (docket entry #19), and did not respond to defense counsel's request to arrange a Rule 26(f) planning conference (docket entry #21). Furthermore, Plaintiff was cautioned that, if he failed to respond to a Court Order, his case might be dismissed, without

prejudice. (Docket entry #17 at 2 n.2 *citing* E.D. Ark. Local Rule 5.5).

This case presents a close question as to whether dismissal with prejudice is warranted under Rule 41(b). After careful consideration, the Court concludes that the case should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2), and as a discovery sanction under Fed. R. Civ. P. 37(b)(2)(A)(v).

### III. Conclusion

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss (docket entry #19) is GRANTED, and this case is DISMISSED, WITHOUT PREJUDICE.

Dated this 4th day of November, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE